1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERMAIS GLENNI RENEE WATKINS          Case No.  1:21-cv-01196-DAD-HBK
     WRIGHT HUSSAL,
12                                         FINDINGS AND RECOMMENDATIONS TO
                    Plaintiff,             DISMISS COMPLAINT AS FRIVOLOUS
13                                         AND DENY MOTION TO PROCEED *IN*
            v.                             *FORMA PAUPERIS*
14
     COSTCOS GROCERY STORE; AAA           (Doc. No.  2)
15   OWNER; AMTRACK TRAIN STATION
     UNION,
16
                    Defendants.
17

18          Plaintiff Ermais Gelnni Renee Watkins Wright Hussal, proceeding pro se, seeks leave to

19   proceed *in forma pauperis* on a Complaint filed on August 6, 2021.  (Doc. Nos. 1, 2).  For the

20   reasons set forth herein, the undersigned recommends the district court dismiss this case, without

21   leave to amend the Complaint, because the Court lacks jurisdiction, the Complaint fails to state a

22   claim, and the Complaint is frivolous.  The undersigned further recommends the district court

23   deny Plaintiff's motion for leave to proceed *in forma pauperis*.

24                                       **BACKGROUND**

25      **A.  Applicable Law**

26          Because Plaintiff seeks to proceed *in forma pauperis*, the Court may dismiss this action

27   "at any time" if the Court determines, *inter alia*, the action is frivolous or fails to state a claim.  28

28   U.S.C § 1915(e)(2)(B)(i)-(ii).  A claim is legally frivolous when it lacks an arguable basis either

1   in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Franklin v. Murphy*, 745

2   F.2d 1221, 1227-28 (9th Cir. 1984).  Alternatively, claims are frivolous where they are based on

3   an indisputably meritless legal theory or where the factual contentions are clearly baseless.

4   *Neitzke*, 490 U.S. at 327.  And a claim is frivolous "when the facts alleged rise to the level of the

5   irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

6   contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke*, 490 U.S. at

7   325, 328 (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or

8   "describe[e] fantastic or delusional scenarios").

9        Dismissal for failure to state a claim in this context is governed by the same standard as

10   dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F.3d 1193,

11   1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim

12   to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint

13   is plausible on its face when it contains sufficient facts to support a reasonable inference that the

14   defendant is liable for the misconduct alleged." *Id*.  At this stage, the Court accepts the facts

15   stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976);

16   *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  The Court does not accept as true

17   allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions.

18   *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Nor are legal conclusions

19   considered facts.  *Iqbal*, 556 U.S. at 678.  Critical to evaluating a constitutional claim is whether

20   it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.

21   1989).

22        **B.  Summary of the Complaint**

23        Plaintiff initiated this action by filing a handwritten complaint utilizing a standard form

24   naming the following Defendants: "Owner of Costco Grocery Store" in Fresno; "AAA Owner" in

25   Fresno; and "Amtrak Train Station (Union)" in Los Angeles and Fresno.  (Doc. No. 1 at 2-3).

26   Plaintiff also appears to identify herself as a Defendant.  (*Id.* at 3)(listing "G [illegible] Mae Renee

27   Ermais Watkins" as "Defendant No. 3").

28        Plaintiff leaves blank the portion of the form identifying the basis for jurisdiction as either

1  federal question or diversity of citizenship.  (*Id.*at 3).  Responding to the basis for federal question

2  jurisdiction, Plaintiff writes:

3

> Employee stopped to my office Costco[']s of Administration located
> in Costco[']s . . . administration located in Costscos office falsely
> state he is the owner of Costscos Wholesales that is located West of
> [illegible] area [h]eaded N. [illegible] River Park Shopping Mall.

4

5

6  (*Id.* at 4)(errors in original).  To the extent legible, Plaintiff's statement of claim is:

7

> I am entitled to my office hours of designated from others in
> community & city of Fresno [illegible].  As owner I am entitled to
> all companys of 800 trillion that Jerry Dyers knows that I am lawfully
> and detained by court order of Pay Back in the disputed against
> [illegible] that [illegible].  Dyers has company that I am the owner
> [illegible] was arrested at location by Dyers [remainder is illegible].

8

9

10  (*Id.* at 5-6)(errors in original).  To the extent discernable, Plaintiff appears to believe she is a

11  partial owner of Costco.  (*Id.* at 5)("It is more partners in this business than myself as owner.").

12  The Complaint identifies no requested relief.  (*Id.* at 7).

13  **ANALYSIS**

14  **A.  Lack of Subject Matter Jurisdiction**

15  A federal court lacks jurisdiction to consider claims that are "essentially fictitious,"

16  "obviously frivolous," or "obviously without merit."  *Hagans v. Lavine,* 415 U.S. 528, 537, 94

17  (1974).  Thus, a "claim may be dismissed for want of subject-matter jurisdiction if it is not

18  colorable" or if it "is 'wholly insubstantial and frivolous.'"  *Arbaugh v. Y & H Corp.,* 546 U.S.

19  500, 513 n. 10 (2006) (citations omitted); *see also Shapiro v. McManus*, 577 U.S. 39, 45 (2015)

20  (insubstantiality for jurisdictional purposes "has been equated with such concepts as 'essentially

21  fictitious,' wholly insubstantial,' obviously frivolous'"*)*; *Franklin v. Murphy,* 745 F.2d 1221,

22  1227 n. 6 (9th Cir. 1984) (even "[a] paid complaint that is 'obviously frivolous' does not confer

23  subject matter jurisdiction ....").

24  **B.  Failure to state a claim and frivolous**

25  Even if the Court had jurisdiction over this action, the undersigned recommends dismissal

26  for failure to state a claim.  28 U.S.C § 1915(e)(2)(B)(ii).  The Complaint is devoid of any facts in

27  support of any federal claim.  Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain

28  statement of the claim showing the pleader is entitled to relief").  Rather, the Complaint is riddled

1    with incomprehensible and incoherent sentences.  Even basic facts, such as dates and locations of

2    any incidents are missing.  Nor are any actions attributed to any named Defendant or any other

3    person.  Thus, the Complaint lacks an arguable basis in both law and fact and does not state any

4    claim, let alone a plausible claim.

5        Further, a review of the Complaint confirms its frivolity because the facts alleged are

6    irrational or wholly incredible to the extent the events appear to span a five-year period of time

7    and Plaintiff believes she is an owner of Costco.  Because the Complaint is frivolous, dismissal

8    without leave to amend is appropriate.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir.

9    2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit

10   to the underlying action and so no reason to grant leave to amend.").

11       **C.  Denial of *In Forma Pauperis* Application**

12       When an action is frivolous, the denial of an application to proceed *in forma pauperis* is

13   also appropriate.  *See e.g., Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir. 1998) ("A

14   district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face

15   of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l

16   Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

17       Accordingly, it is **RECOMMENDED**:

18       1.  This Complaint (Doc. No. 1) be dismissed for lack of subject matter jurisdiction and/or

19   for failure to state a claim and/or as frivolous.

20       2.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) be denied.

21   ////

22   ////

23   ////

24   ////

25                                NOTICE TO PARTIES

26       These findings and recommendations will be submitted to the United States district judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14)**

28   **days** after being served with these findings and recommendations, a party may file written

                                          4

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:     July 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE